THOMAS GRIFFIN *vs.* DAVID F. MURDOCK.

Oxford.    Opinion January 10, 1896.

*Pleading.    Money Count and Omnibus Count.*

A count was specially demurred to because it combined in one all the money counts, with one for goods sold and delivered, work and labor, and an account stated. *Held*; that it is in the form long in use, and usually denominated an omnibus count. It has been sustained by practice and authority for a long time, and is good.

ON EXCEPTIONS.

This was an action of assumpsit containing a count against defendant as indorser of a promissory note and the general omnibus or money counts with no specification under the money counts.

To the count against defendant as indorser and to the count upon an account stated in the omnibus count contained, the defendant pleaded the general issue, but to each of the other counts he filed a special demurrer at the first term.

(Demurrer.) "Now the said defendant comes and defends, etc., when, etc., and says that the first count in the plaintiff's declaration and the matters therein contained in the manner and form as the same are therein stated and set forth, are insufficient in law.

"Wherefore, the defendant prays judgment upon said count in the said declaration contained, and for his costs.

"And the said defendant further says that each and every count in the second or omnibus count in the plaintiff's declaration, except the count upon an account stated between the plaintiff and defendant, are insufficient in law.

"And for special cause of demurrer to each and every count in said omnibus count, except the count on an account stated, the defendant says that each and every of said counts are uncertain and indefinite as to the time in which the several contracts therein alleged were made or the indebtedness accrued, whether at one time or at several times, whether within or previous to six years before the date of the purchase of said writ, as to the items constituting said indebtedness, whether one or several ; as to whether the promise therein declared on was made within or previous to six years before the date of the purchase of said writ, or when made ; that it is impossible to determine from said counts or either of them when and under what circumstances and conditions the contracts or promises therein alleged were made, nor are they in any way sufficiently identified or described by any language in either of said counts, or the time sufficiently definite to enable the defendant to properly answer or plead to the same.

"Wherefore the defendant prays judgment upon counts in the said declaration mentioned.

"And the said defendant further says that the count for 'goods before that time sold and delivered by the plaintiff to the defendant at his request' in the second or omnibus count in the plaintiff's declaration is insufficient in law.

"And for special cause of demurrer says that said count is uncertain and indefinite as to the time when said goods were sold and delivered or when said indebtedness accrued, whether

at one time or several times, whether within six years or previous to six years before the date of the purchase of said writ; as to the items constituting said indebtedness, as to the kind, character and quality, whether one or several or in what amounts; as to whether the promise therein declared on was made within or previous to six years before the date of the purchase of said writ or when made; that it is impossible to determine from said count when and under what circumstances and conditions said goods were sold and delivered or the contracts and promises therein alleged were made, nor are said goods sufficiently described by any language or the time when sold sufficiently definite to enable the defendant to properly answer or plead to the same.

"Wherefore he prays judgment on the said count in the said declaration mentioned."

Similar demurrers were filed to the other counts in the omnibus count, viz: "work before then done and materials for the same provided;" "other money before then lent;" "other money before then paid;" "other money before then had and received;" "and other money, for interest upon other moneys, then due and owing from said defendant to said plaintiff and by the plaintiff lent and advanced to said defendant."

The presiding justice overruled the demurrers and adjudged the counts, to which demurrers were filed, good. The defendant thereupon excepted to the ruling.

*John P. and John C. Swasey*, for plaintiff.

*M. P. Frank and P. J. Larrabee*, for defendant.

In the omnibus count, except the count on account stated, each and every other allegation of indebtedness the defendant claims is insufficient for the reason that the particular promise to be proved under the allegation is not sufficiently described or set forth. It is not claimed that the count may not be amended so as to make it sufficient; but that in its present form it is demurrable for the reasons set forth in the defendant's special demurrer. If the count in its present form and each allegation in it is sufficiently definite then it is unnecessary to set forth in

a writ anything more than the fact that, at the commencement of the action, the defendant was indebted to the plaintiff. This is the only information the count in its present form gives to the defendant. The plaintiff might prove almost anything under such a count, might introduce in evidence any indebtedness on one or more promissory notes; might show that at some time he had sold the defendant goods of any description whatever; or that at some time not stated the defendant was indebted to him for money which the defendant had received on his account; or, in fact, might set up almost any claim to establish any sort of indebtedness from the defendant to the plaintiff.

"The office of the declaration is to make known to the opposite party and the court the claim set up by the plaintiff." *Wills* v. *Churchill*, 78 Maine, 285.

The allegation of indebtedness upon an account stated between the plaintiff and the defendant may be held to make known to the defendant what the plaintiff claims, but defendant claims that he ought not to be compelled to go to trial upon the remaining counts in the omnibus count without further particulars as to the plaintiff's claim under them, for he cannot know what he is to meet. There is no doubt that the plaintiff would have been compelled to file specifications under this count upon motion by the defendant. Rules of S. J. Court, Rule XI.

But the defendant can take advantage of the want of specification equally as well by a special demurrer setting forth the particulars wherein the declaration is not sufficiently definite to meet the purposes which the law requires. *Harrington* v. *Tuttle*, 64 Maine, 474; *Babcock* v. *Thompson*, 3 Pick. 446; *Bennett* v. *Davis*, 62 Maine, 545.

SITTING: PETERS, C. J., WALTON, HASKELL, WISWELL, STROUT, JJ.

STROUT, J. The count specially demurred to in this case, combines in one all the money counts, with one for goods sold and delivered, work and labor and an account stated. It is in

the form which has long been in use, and is commonly called an omnibus count. It is indorsed by Mr. Chitty in his work on Pleading, vol. 1, pp. 343, 349; and the form of the count given by him in vol. 3, p. 89, is substantially the same as the one under consideration. It was approved in *Webber* v. *Tivill*, 2 Saunders, 122, and was held good by this court in *Cape Elizabeth* v. *Lombard*, 70 Maine, 400. It has been sustained · by practice and authority for so long a time, that it must now be considered settled and at rest.

<div align="right">

*Exceptions overruled.*